IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNANTHONY RAY PUTNAM                                                              PLAINTIFF

v.                                    Civil No. 6:23-CV-06052-SOH-MEF

DR. DARRELL ELKINS and
JAIL ADMINISTRATOR FRED PHILLIPS                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant Phillip's Motion to Dismiss pursuant to Rule 41(b). (ECF No. 21). Also before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I.   BACKGROUND

Plaintiff filed his Complaint on April 24, 2023. (ECF No. 1). At the time of filing, he was incarcerated in the Hot Spring County Jail. (*Id*. at 1). Plaintiff was granted *in forma pauperis* ("IFP") status, and the Complaint was served. (ECF Nos. 3, 6). On May 19, 2023, Plaintiff filed a Notice of Address change indicating that he was no longer incarcerated. (ECF No. 9). Pursuant to District policy, the Court entered an Order directing Plaintiff to resubmit an IFP application reflecting his free-world financial status on May 23, 2023. (ECF No. 10). The Order was initially sent to the Hot Spring County Jail in error, was returned undeliverable on May 24, 2023, and was re-sent to the free-world address provided by Plaintiff. (ECF No. 11). This mail was not returned

1

as undeliverable. Plaintiff did not file an IFP application or pay the filing fee by the deadline of June 13, 2023.

On July 10, 2023, Defendant Phillips filed his Motion to Dismiss. (ECF No. 21). He notes that Plaintiff failed to obey the Court's Order to submit an updated IFP application.[1] (*Id*. at 1). He further notes that Plaintiff's last communication with the Court occurred on May 19, 2023, when he submitted his Notice of Address change. (*Id*.). On July 11, 2023, the Court entered a Show Cause Order directing Plaintiff to show cause for his failure to resubmit his IFP application no later than August 1, 2023. (ECF No. 23). This Order was not returned as undeliverable. Both the initial Order to resubmit his IFP application and the Show Cause Order advised Plaintiff that failure to respond by the deadline would result in the dismissal of his case. (ECF Nos. 10, 23). To date, Plaintiff has failed to submit his free-world IFP application, failed to pay the filing fee, and failed to submit any response to the Show Cause Order. His last communication with this Court was on May 19, 2023. (ECF No. 9).

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

---

[1] Defendant Elkins failed to either join in this Motion or submit his own Motion to Dismiss. He has not communicated with the Court since filing a *pro se* "Affidavit." (ECF No. 18).

2

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE